UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA ROOFERS HEALTH AND WELFARE TRUST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>Defendant. | Case No. 13-cv-04192-WHO<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S DEFENSES**<br><br>Dkt. No.: 9 |

## INTRODUCTION

Plaintiff Bay Area Roofers Health and Welfare Trust, its Joint Board of Trustees, and Keith Robnett and Bruce Lau as Trustees (the "plaintiffs") move to strike the first and third through twenty-third defenses of Defendant Sun Life Assurance Company of Canada's answer. For the reasons stated below, the plaintiffs' motion is GRANTED.

## BACKGROUND

Plaintiff Bay Area Roofers Health and Welfare Trust provides health care for employees and their dependents covered by collective bargaining agreements in the roofing industry in the San Francisco Bay Area. Plaintiff Joint Board of Trustees purchased stop loss insurance from defendant Sun Life to indemnify the Trust against potentially large health claims. In November 2011, the Trust submitted claims for reimbursement under the Sun Life stop loss policy for medical treatment received by two prematurely born twin babies whose father was a plan participant. The plaintiffs allege that Sun Life wrongfully denied the plaintiffs' claims when it discovered that the father was an undocumented immigrant.

The plaintiffs filed suit against Sun Life in September 2013, alleging breach of contract, breach of the covenant of good faith and fair dealing, and unfair competition. Dkt. No. 1. Sun

Life responded on October 18, 2013 with an answer that lists 23 "defenses." Dkt. No. 8. On November 8, 2013, the plaintiffs moved to strike Sun Life's first and third through twenty-third defenses as insufficient, immaterial, impertinent and redundant. Dkt. No. 9.

In response to the motion to strike, Sun Life states that it had not been contacted by the plaintiffs concerning the purported defects in its defenses. Sun Life asserts that had the plaintiffs done so, "Sun Life would have considered withdrawing certain affirmative defenses as long as plaintiffs agreed that Sun Life did not waive the argument by not alleging the argument as an affirmative defense." Dkt. No. 12 ("Opp.") at 12. Sun Life further states that it would have agreed to file an amended answer including additional facts supporting the affirmative defenses. *Id*. Sun Life filed a proposed amended answer along with its opposition. Dkt. No. 12-1. It both opposes the motion to strike and moves for leave to file its proposed amended answer.

In their reply brief, the plaintiffs assert that Sun Life's proposed amended answer "does not contain facts sufficient to support the affirmative defenses. Plaintiffs' motion should therefore be granted without leave to amend."

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) allows the Court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation and alteration omitted).

**DISCUSSION**

Sun Life's first and third through twenty-third purported defenses are stricken for sundry deficiencies.[1] Many of the asserted defenses are not affirmative defenses at all, but are denials of the plaintiffs' case. Other purported defenses could plausibly be affirmative defenses, but are

---

[1] The plaintiffs do not object to Sun Life's second affirmative defense—that if this matter is governed by ERISA, the plaintiffs' common law claims for relief for breach of contract, breach of the covenant of good faith and fair dealing, and unlawful competition are preempted by ERISA. Accordingly, that defense is not stricken.

2

insufficiently pleaded because they do not give the plaintiff fair notice of the nature of the defense.

Rather than detail the deficiencies in each of the 22 purported defenses at issue, the Court sets forth what constitutes a proper affirmative defense. Sun Life is granted leave to file an amended answer. Any amended affirmative defenses shall comply with the guidance set forth below. The Court does not address Sun Life's proposed amended answer, other than to note that many of the purported defenses asserted therein appear to suffer from the same flaws as those in the original answer.

Rule 8 states that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense."[2] Fed. R. Civ. P. 8(c)(1). "An affirmative defense is an assertion raising new facts and arguments that, if true, will defeat plaintiff's claim, even if all allegations in complaint are true." *E.E.O.C. v. California Psychiatric Transitions, Inc.*, 725 F. Supp. 2d 1100, 1118 (E.D. Cal. 2010). In contrast, a "defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("Edison's attempt to prove that it provided a reasonable accommodation merely negates an element that Zivkovic was required to prove and therefore was not an affirmative defense required to be pled in Edison's answer.").

In addition, an affirmative defense must provide the plaintiff fair notice of the nature of the defense. *See, e.g., Wyshak v. City Nat'l Bank*, 607 F. 2d 824, 827 (9th Cir. 1979). "Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike." *Solis v. Zenith Capital, LLC*, 2009 WL 1324051, *2 (N.D. Cal. May 8, 2009).

Consistent with the foregoing, any amended affirmative defenses must raise new facts and arguments that, if true, will defeat plaintiff's claim, even if all allegations in complaint are true. In addition, the affirmative defenses must provide the plaintiff fair notice of the nature of the defense.

---

[2] Rule 8 gives the following examples of affirmative defenses: accord and satisfaction; arbitration; and award; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver.

It not sufficient that Sun Life's answer or affirmative defenses refer to a letter purportedly providing the factual support for its affirmative defenses.

## CONCLUSION

Sun Life's first and third through twenty-third purported defenses are STRICKEN. Sun Life of Canada is granted leave to file an amended answer. Any amended answer shall be filed within 20 days of this order.

**IT IS SO ORDERED**.

Dated: December 19, 2013

WILLIAM H. ORRICK
United States District Judge