Sean P. Nalty CA Bar No. 121253
sean.nalty@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:   415.442.4810
Facsimile:   415.442.4870

Byrne J. Decker, *Pro Hac Vice*
bdecker@pierceatwood.com
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME  04101
Telephone:   207.791.1152
Facsimile:   207.791.1350

Attorneys for Defendant
SUN LIFE ASSURANCE COMPANY OF CANADA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE

| | |
|---|---|
| BAY AREA ROOFERS HEALTH AND WELFARE TRUST, its JOINT BOARD OF TRUSTEES, and KEITH ROBNETT and BRUCE LAU, as Trustees,<br><br>Plaintiffs,<br><br>v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA, and DOES 1-10, inclusive,<br><br>Defendant. | Case No. 3:13-cv-04192-BLF<br><br>**SUN LIFE ASSURANCE COMPANY OF CANADA'S OBJECTIONS TO THE DECLARATION OF WILLIAM D. CALLAHAN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:           August 7, 2014<br>Time:           9:00 a.m.<br>Court:          Courtroom 3, 5th Floor<br>udge:          Hon. Beth Labson Freeman<br><br>Complaint Filed:  September 10, 2013<br>Trial Date:           None |

**Objection 1**: Sun Life objects to paragraphs 8 & 9 of the declaration of William D. Callahan ("Callahan Declaration"), at 2:25-3:9, as follows:

In paragraph 8, Mr. Callahan testifies concerning his present, purported interpretation of the duties and responsibilities of Sun Life and the Board of Trustees ("Joint Board") under the Stop Loss Insurance Policy ("the Stop-Loss Policy") that is the subject of this matter. In paragraph 9, Mr. Callahan interprets the provisions contained in the Policy. Mr. Callahan's testimony at paragraph 8 of his declaration, 2:25-3:3, is irrelevant parol evidence. Federal Rule of Evidence ("FRE") 401. His testimony in paragraph 9 is not relevant. *Id.*

**Points & Authorities in Support of Objection 1.**

It is the Court's responsibility to interpret and apply the terms of the Policy based on the express language of the Policy and determine the obligations of each contracting party under the Policy. *Bunch v. Indian Palms Vacation Club Owners Ass'n*, 2013 U.S. Dist. LEXIS 73678, at *11 (C.D. 2013) ("The interpretation of a written instrument, including a trust agreement, is ordinarily a question of law."). Accordingly, Mr. Callahan's present opinion concerning the duties of the parties in paragraph 8, and present interpretation of the Policy terms in paragraph 9, is not relevant. Mr. Callahan does not purport to set forth any manifestations of the parties' intent at the time the contract was entered into. Rather, he simply sets forth his own post hoc interpretation of the contract in this litigation. That is not relevant evidence. The only relevant opinion is the Court's. Accordingly, paragraphs 8 and 9 must be excluded from evidence as irrelevant.

Moreover, the Policy has an incorporation clause. It states, under the heading "Entire Contract," that: "This Policy, along with any Attachments, Endorsements, Addenda or Amendments, and the Application and Special Risk Questionnaire completed by You constitute the entire contract of insurance between Us." Declaration of Laura Rollinson ("Rollinson Decl."), Exhibit B, p. 20. Any changes to the Policy, or waiver of provisions of the Policy, are not valid unless they are in writing. *Id*. at p. 17. With regard to paragraph 8, the Policy is fully integrated so extrinsic evidence of the intent of the parties to the contract, or the obligations of the parties, is properly excluded under the parol evidence rule. *Henein v. Saudi Arabian Parsons, Ltd*., 818 F.2d

1508, 1514 (9th Cir. 1987) ("The employment agreement is clear on its face and the district court properly excluded Henein's testimony concerning promises extrinsic to the fully integrated contract under the parol evidence rule."). Accordingly, paragraph 8 of the Callahan Declaration, at 2:25-3:3, must be excluded from evidence in this matter and irrelevant parol evidence.

**Objection 2**: Sun Life objects to Mr. Callahan's testimony at paragraph 13 of the Callahan Declaration, 4:5-7 that: "Sun Life of Canada's claim denial letter arbitrarily indicated that the absence of a definition . . ." In addition, at paragraph 14, 4:17-19, Mr. Callahan offers the opinion that Sun Life's denial of the claim for benefits that is the subject of this matter ("the Claim") was "wrongful." In paragraph 18 of his declaration, at 6:3, Mr. Callahan again characterizes Sun Life's decision as wrongful. Sun Life objects to this testimony as it is irrelevant opinion by a lay witness. FRE 401 & 701.

**Points & Authorities in Support of Objection 2**

For a lay witness to provide opinion testimony, among other things, the opinion must "helpful to clearly understanding the witness's testimony or to determining a fact in issue." FRE 701. Mr. Callahan's characterization of Sun Life's decision as arbitrary and wrongful offers nothing to help understand the testimony and provides nothing towards determining a fact at issue. The use of the words "arbitrary" and "wrongful" offers nothing to Mr. Callahan's misguided evaluation of Sun Life's position as set forth in paragraph 13 and 14 of his declaration. Accordingly, 4:5-7 of Mr. Callahan's declaration is not admissible.

**Objection 3**: Sun Life objects to paragraph 15 of the Callahan Declaration, 4:20-5:5, as the entire paragraph is irrelevant speculation and an inadmissible legal opinion by a lay witness. In this paragraph, Mr. Callahan attempts to explain his opinion that Participant X's employer complied with the Immigration and Reform Act of 1986 ("IRCA"). FRE 401 & 701.

The testimony in paragraph 15 of the Callahan Declaration lacks foundation and is irrelevant speculation. In paragraph 1 of the declaration, where Mr. Callahan describes the basis for his personal knowledge of the facts stated in the declaration, Mr. Callahan states nothing about any relationship with the employer of Participant X. He does not identify the employer. Nowhere

1  in the declaration does Mr. Callahan provide foundational facts that he has personal knowledge of
2  the procedures and processes undertaken by Participant X's employer in complying with the IRCA
3  nor that he has personal knowledge that Participant X's employer followed those procedures with
4  regard to Participant X.  His testimony in paragraph 15 of the Callahan Declaration, that Participant
5  X's employer complied with the requirements of the IRCA, is nothing more than speculation.
6  Unfounded speculation is irrelevant.  FRE 401.

**Points & Authorities in Support of Objection 3**

Unfounded speculation is irrelevant.  FRE 401.  Moreover, Mr. Callahan's testimony in paragraph 15 concerning the requirement for compliance with the IRCA is an irrelevant legal opinion.  *Rosebrock v. Beiter*, 2011 U.S. Dist. LEXIS 61758, at *9 (C.D. Cal. 2011) ("Lay witnesses may not provide legal conclusions.")  *Evangelista v. Inlandboatmen's Union of Pac.*, 777 F.2d 1390, 1398 fn. 3 (9th Cir. 1985) (Lay witness "opinion as to the correct construction of the collective bargaining agreement -- i.e., what is or is not the proper procedure for handling grievances -- is an inadmissible legal conclusion.  See Fed. R. Evid. 701 (opinion testimony by lay witnesses is limited to opinions which are rationally based on the perception of the witness and helpful to a clear understanding of his testimony or the determination of a fact in issue).")  Accordingly, paragraph 15 of Mr. Callahan's declaration must be excluded from evidence.

**Objection 4**: Sun Life objects to paragraph 17 of the Callahan Declaration, 5:21-6:2, as the entire paragraph is irrelevant speculation and an inadmissible opinion by a lay witness.  FRE 401 & 701.  In this paragraph, Mr. Callahan speculates about Sun Life's practices.  Mr. Callahan can testify concerning his personal knowledge of the specific facts of the claim at issue.  However, he has no foundation to speculate, as he does in paragraph 17, concerning his opinions about what he thinks are Sun Life's practices.

**Points & Authorities in Support of Objection 4**

For a lay witness to provide opinion testimony, among other things, the opinion must "helpful to clearly understanding the witness's testimony or to determining a fact in issue."  FRE 701.  Mr. Callahan's opinion about Sun Life's practices is guesswork that offers nothing to the

{W4289362.1}   3   Case No. 3:13-cv-04192-BLF
SUN LIFE ASSURANCE COMPANY OF CANADA'S OBJECTIONS TO THE
DECLARATION OF WILLIAM D. CALLAHAN; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF

understanding the facts in issue.  This testimony cannot offer any help to understanding the facts in this matter because Mr. Callahan knows nothing about Sun Life's practices.

DATED:  May 30, 2014

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

PIERCE ATWOOD LLP

By: */s/ Sean P. Nalty*
   Sean P. Nalty
   Byrne J. Decker, *Pro Hac Vice*

Attorneys for Defendant SUN LIFE ASSURANCE COMPANY OF CANADA

18024963.1